**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MARYJO I. ADKINS,**

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

CASE NO. 3:25 CV 2148

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Maryjo I. Adkins seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Sheperd recommends this Court affirm the Commissioner's final decision. (Doc. 12). Plaintiff filed objections to the R&R (Doc. 13), and the Commissioner filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in July 2023, alleging a disability onset date of June 10, 2022. (Tr. 234, 245). Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 18, 2024, finding Plaintiff not disabled. (Tr. 17-30). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two assignments of error in her original brief to the Magistrate Judge: (1) the ALJ erred by failing to properly consider Plaintiff's obesity in making the RFC determination,

and (2) the ALJ erred in her consideration of Plaintiff's activities of daily living. *See* Doc. 8, at 14-20.

In his R&R, Judge Sheperd concluded the ALJ properly considered Plaintiff's obesity in determining the RFC under SSR 19-2p(6) and did not err in her consideration of Plaintiff's activities of daily living. (Doc. 12, at 15-22). He recommends the Court affirm the Commissioner's decision. *See id*.

## Standard of Review

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security appeals, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises two objections to the R&R, which track her original arguments. Each is addressed below.

Obesity

Plaintiff first objects to the R&R's conclusion that the ALJ adequately considered Plaintiff's obesity when formulating the RFC. (Doc. 13, at 2-4). She contends the R&R "does not acknowledge the step missing in the ALJ's analysis where the ALJ was required to explain how Plaintiff's obesity related to Plaintiff's functioning regardless of the severity of the impairment," citing SSR 19-2p. (Doc. 13, at 2).

At Step Four of the sequential analysis, the ALJ "must consider the limiting effects of obesity when assessing a person's RFC" and "explain how [the ALJ] reached [her] conclusion on whether obesity causes any limitations." SSR 19-2p, 2019 WL 2374244, at *4. However, "even if the ALJ's analysis regarding obesity was inadequate, to warrant remand [a claimant] must also show how her obesity, alone or in combination with her other impairments, limited her functioning to a degree inconsistent with the RFC". *Said v. Comm'r of Soc. Sec.*, 2025 WL 3484655, at *5 (N.D. Ohio) (citing *Hardie v. Comm'r of Soc. Sec.*, 2024 WL 2941165, at *7 (N.D. Ohio) (collecting cases), *report and recommendation adopted,* 2024 WL 3370539 (N.D. Ohio)), *report and recommendation adopted*, 2026 WL 878708.

On *de novo* review, the Court agrees with the R&R's analysis that: (1) the ALJ acknowledged in her decision that Plaintiff had been advised to lose weight to reduce the impact

1. Neither party objects to Judge Sheperd's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly summarized by Judge Sheperd. *See* Doc. 12, at 2–11.

of her obesity on her pain; and (2) "additional examples of similar advisements do not show to any greater extent that [Plaintiff's] obesity was limiting her functioning to a degree inconsistent with the RFC." (Doc. 12, at 18). Moreover, although the Court agrees in principle with Plaintiff's contention that an expert medical opinion regarding obesity being a severe impairment resulting in a functional limitation is not required, the Court finds the R&R simply listed this as one factor in its analysis explaining Plaintiff had not presented any evidence of obesity-related functional impairment greater than that in the RFC. *See* Doc. 12, at 18; *see also See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) (finding "[t]he absence of further elaboration on the issue of obesity likely stem[med] from the fact that [plaintiff] failed to present some evidence of any functional limitations resulting specifically from her obesity"); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) ("We also reject [plaintiff's] argument that the ALJ erred in failing to consider his obesity in assessing his RFC. Although his treating doctors noted that [plaintiff] was obese and should lose weight, none of them suggested his obesity imposed additional work-related limitations, and he did not testify that his obesity imposed additional restrictions.").

For the above reasons, Plaintiff's first objection is overruled.

Activities of Daily Living

Plaintiff next objects to the R&R's analysis regarding her activities of daily living. (Doc. 13, at 4-6). Specifically, Plaintiff contends:

> In contrast to Judge Sheperd's findings, Plaintiff did not argue that the ALJ was required to discuss all of the regulatory factors regarding subjective complaints, and Plaintiff did not argue that an ALJ was required to discuss all evidence. Instead, Plaintiff argued that the ALJ's mischaracterization of the evidence prevents meaningful judicial review given that it is unclear whether the ALJ considered evidence of greater limitations. The argument is not that the ALJ did not consider Plaintiff's activities, but the ALJ misstated the evidence related to Plaintiff's activities.

*Id.* at 5 (internal citations omitted).

First, the Court finds that the R&R did not mischaracterize Plaintiff's argument. Indeed, the first sentence of the R&R's analysis of this issue states that Plaintiff "argues that the ALJ mischaracterized the evidence in the record." (Doc. 12, at 18).

Second, contrary to Plaintiff's argument, and as explained by the R&R, the ALJ did not mischaracterize the evidence of record. As the R&R explained, although the ALJ's decision briefly summarized that Plaintiff "could get to appointments, work part time, cook, drive, do some housework, shop, and go to her children's practices" (Tr. 28) (citing Plaintiff's hearing testimony), just five pages earlier in the decision, the ALJ summarized that testimony in greater detail – including how Plaintiff testified she has various limitations in performing these activities (Tr. 23-24). *See* Doc. 12, at 21. That is, the ALJ decision, read as a whole and with common sense, includes recognition that these activities were not performed without limitation.

Third, the Court finds the ALJ did not improperly *equate* Plaintiff's activities of daily living with the ability to perform full time work, but rather appropriately considered them as one factor in evaluating the consistency of Plaintiff's subjective complaints with the record as a whole. This is appropriate. *See* SSR 16-3p, 2016 WL 1119029, at *7 (listing, *inter alia*, "[d]aily activities" as a factor to consider "to evaluate the intensity, persistence, and limiting effects of an individual's symptoms"); 20 C.F.R. § 416.929(a). As the R&R correctly noted, the ALJ's RFC determination "was in fact more restrictive than those of the medical experts who opined in this matter," and the ALJ's analysis demonstrated she considered Plaintiff's subjective complaints when crafting the RFC. (Doc. 12, at 22) (citing Tr. 27).

For these reasons, Plaintiff's objection to the R&R's analysis of the ALJ's consideration of her activities of daily living is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Sheperd's R&R (Doc. 12) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2026